## FULLER, *et al., ex parte.*

MANDAMUS. The writ of mandamus can be granted only on the motion of the *party aggrieved,* or of the *State* when the public interests are affected.

The petition of the party, other than the State, must show wherein he is aggrieved.

CLARK & WILLIAMS, for petitioners.

McCLURE, J.

Section 519 of the Code declares that "the writ of mandamus, as treated of in this chapter, is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law, and

is granted on the motion of *the party aggrieved*, or of the *State*, when the public interest is affected."

It will be observed that the writ or order of mandamus is only granted "on the motion of *the party aggrieved*, or of the *State*, when the public interest is affected."

The petition in this case does not allege any interest of the petitioners that would be promoted, or that their rights are in any degree diminished, by the omission to appoint commissioners to locate a site for county buildings. True, these petitioners say that "the county court have refused to appoint the commissioners," but how this omission in any manner *aggrieved* these parties, is not stated. If they have not been "aggrieved" they are not entitled to the order. If they have been aggrieved they must state wherein. If it affects them as individuals, they must so state; because, if it is a matter "where the *public interest* is affected," the writ can only be granted on the application of the State.

We have refrained from expressing any opinion as to the jurisdiction of this court in granting a mandamus, in cases other than may be necessary to the proper exercise of a superintending control of and over inferior courts. The petition is not verified, or the matters recited in it in any manner corroborated, by transcript of the records of the county court.

The application is dismissed.