[No. 3509. Decided January 29, 1900.]

THE STATE OF WASHINGTON, *on the Relation of W. M. Ross et al., Respondent*, v. T. E. HEADLEE, *as County Auditor of Snohomish County, Appellant.*

MANDAMUS TO COUNTY AUDITOR—PARTIES.

The board of county commissioners have legal capacity to bring an action of mandamus against a county auditor to compel him to discharge a duty of vital interest to the taxpayers of the county, such as the extension of the tax levy upon the rolls.

COUNTY COMMISSIONERS—POWER TO REDUCE TAX LEVY.

Where the county commissioners, after making a tax levy for the ensuing year, discover that the levy was excessive and would raise more revenue than was required to meet the obligations of the county, it is within their power to revoke their former action, and reduce the levy.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Affirmed.

*Whitney & Headlee,* for appellant.

*W. P. Bell* and *Cooley & Horan,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 4th day of October, 1899, the county commissioners of Snohomish county made a levy of taxes for the ensuing year, as required by law. Afterwards it appeared to the commissioners that the levy made was larger than was necessary to meet the financial re-

quirements of the county for the ensuing year, and they made an order finding and declaring that the said levy of October was in excess of the needs of the county, and reduced the levy four mills on the dollar, making a change in the aggregate of about $30,000, and ordered the auditor to extend this levy upon the tax rolls as the true levy for the year 1899.    The auditor refusing to so extend the levy, this proceeding was brought to compel him to do so, and a peremptory writ of mandate was asked for with that end in view.    A demurrer was interposed to the petition, which was overruled; answer was filed, and stipulation was entered into showing the facts in the case, and the court found that the last levy made by the board of county commissioners was a legal levy, and that the relators were entitled to a peremptory writ of mandamus, as prayed for in their petition.    Judgment was entered in accordance with the findings of the court, and from such judgment this appeal is taken.

We do not think there is anything in the contention of the appellant that the petition contains no averments that the questions of construction and interpretation of the revenue laws of 1897, involved here, had been submitted to the state auditor for his decision, nor in the other preliminary suggestion, that the board of county commissioners had no legal capacity to institute this proceeding. It is true, as is said by the learned counsel for the appellant, that the county is a body corporate and the commissioners are its fiscal agents, through whom it acts, and that they are the trustees and directors of the corporation, and that the financial interest of the county is and should be sacred to them, and that it is only the injured party that can seek the aid of a court.    But the commissioners' duty to a municipal organization cannot be separated from their duty to the tax payers, who virtually comprise the organization, and, in a large sense, that action which in-

jures or oppresses or unnecessarily burdens the tax payers of a county, injures the organization.

It seems to us that the only meritorious question in this case is, did the county commissioners, after having levied the tax which they did in October, have the authority, when it was made to appear to them that the tax levied was excessive, to amend their action in that respect and levy a proper tax? And it may be conceded that, under the theory of the law, any levy would be excessive which went beyond the requirements of raising sufficient revenue to meet the obligations of the county for the ensuing year.

In the first place, the board of county commissioners is a continuing board, and one term continues until the next term begins, so that it was during the same term at which the first levy was made that the amendment was sought to be made, although we do not wish to be understood as holding that the legality of the amendment would depend upon its being made at the same term.

The general powers of the county commissioners are extensive, under the statute. They are the financial agents of the county, and it would be a harsh rule to lay down that a mistake which they had made in the transaction of their business could not be rectified. It is a matter of common knowledge that the members of boards of county commissioners are not, as a rule, technical lawyers, and of necessity their acts are more or less informal, and cannot be expected to meet the requirements of technical exactness which characterizes the actions of superior courts; and the proper administration of the law intrusted to their care demands a liberal construction of their acts, to the end that substantial justice shall be attained. We think the commissioners in this case had authority to revoke their former action and to make a levy in accordance with the business necessities of the county, as it was made to appear to them.

The judgment will therefore be affirmed.

Gordon, C. J., and Fullerton and Reavis, JJ., concur.