DAVID Z. FOSTER v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF LYON.

No. 12,153. (64 Pac. 1037.)

SYLLABUS BY THE COURT.

1. PLEADING—*Defect of Parties — Waiver*. Where it is claimed that
the petition discloses a defect of parties plaintiff, and when the
defendant does not demur on that ground, he will be held to have
waived such defect and may not afterward question the right of
plaintiff to recover for the reason that all proper parties are not
before the court. (Gen. Stat. 1901, §§ 4523, 4525.)

2. HIGHWAYS — *Defective Bridge — Damages Recoverable*. One
who, by contract with the owner, has acquired a special interest in
and right to use a traction-engine to operate machinery in thrash-
ing grain, and who has made contracts to do thrashing for divers
persons "immediately," etc., may maintain an action against a
board of county commissioners for negligently suffering a county
bridge to remain unsafe for public use for a long period after
having notice of its defective condition, when, by reason of such
negligence, the engine falls through such bridge and is destroyed.
He is at least entitled to recover for the time he necessarily lost
while making proper efforts to secure other motive power with
which to carry on his business.

Error from Lyon district court; W. A. RANDOLPH,
judge. Opinion filed May 11, 1901. Division one.
Reversed.

STATEMENT.

THE petition of plaintiff, David Z. Foster, recited a
written agreement between himself and A. G. and J.
A. Robb, made in 1893, by the terms of which he and
the Robbs entered into the business of thrashing grain,
the Robbs to furnish a certain traction-engine and
plaintiff a certain separator, straw-stacker, and all
necessary attachments to carry on the business; that
the Robbs conveyed to him a special interest in the
engine for the purpose aforesaid, by virtue of which he
was entitled to the use thereof in connection with his

machinery during the ensuing thrashing season ; that he was to receive one-half of the net earnings of the combined machinery, and the Robbs the other half, to compensate them for the use of the engine and for certain labor to be supplied by them ; that he was to conduct and control the business, and during the month of July of that year he made divers contracts with farmers of Lyon county to thrash grain ''upon condition that said thrashing be done immediately, in the ordinary course of events, and that any delay on the part of the plaintiff in fulfilling'' such contracts would terminate the same and plaintiff's right to thrash said grain ; that in the aggregate he thus contracted to thrash 26,000 bushels of wheat, 12,675 bushels of oats, and 675 bushels of flax, and the total amount which he would have received for thrashing said grain was the sum of $1422 ; that it would have required fifty-two days to have performed the work, and the aggregate expense would have been $120, and that he would have been entitled to a net profit of $591.

The petition then alleged the construction by the defendant of a certain county bridge known as ''Sheafor's bridge,'' over and across the Cottonwood river ; that the same was suffered to get out of repair and the timbers had become rotten and unfit for use, to the knowledge of the defendant, and especially to the chairman of the said board ; that the plaintiff, without any notice of the defective character of the bridge, while engaged in the prosecution of his business, attempted to cross the bridge with the engine and machinery, to fulfil and carry out his contracts with the farmers, and observed all the requirements of the statute in running the engine upon the bridge, but by reason of its defective condition it gave way

and precipitated the engine into the river below, and rendered it useless ; and plaintiff, being unable to use the engine, was prevented from pursuing his business and performing his contracts, by reason whereof he lost the profits of operating the machinery ; that his .claim was duly presented to the defendant board and payment thereof was refused ; that the defendant did pay said A. G. Robb and J. A. Robb "for the part of the net proceeds of the operation of the said machinery" which would have belonged to them, but has refused to pay either to plaintiff or to the Robbs any sum whatever on account of damages sustained by him.

The above is a statement of the substance of the matters alleged in the plaintiff's petition.   The pleading is voluminous and states all the facts sought to be alleged with sufficient particularity, and the contract between the plaintiff and the Robbs is set forth as an exhibit thereto.   The defendant filed a demurrer, for the reason that the petition did not state facts sufficient to constitute a cause of action.   The demurrer was sustained, the plaintiff excepted, and brings the case here for review.

*J. G. Hutchison*, for plaintiff in error.

*S. S. Spencer*, and *W. T. McCarty*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J. :   In this court, by oral argument and in its brief, the defendant in error challenges the right of the plaintiff to recover upon his petition, on the ground that the Robbs were necessary parties to the action.   Without passing upon the merits of this contention, it may be disposed of by adverting to the fact

that this question was not raised by defendant's pleadings in the court below, for which reason it must be deemed to be waived. (Gen. Stat. 1901, §§ 4523, 4525.)

Without expressing an opinion as to the extent of the relief which the plaintiff should be awarded, my associates in this division of the court have determined that plaintiff was entitled, under his petition, to recover at least for the time he necessarily lost while making proper efforts to secure other motive power with which to prosecute his business. The court does not hold that he may be adjudged to receive all he claims as his due, and does not pass on the question as to whether he should be allowed for prospective profits. In the present status of the case that matter is not before us for adjudication. It will suffice to say that if the evidence shall sustain his averments he should recover compensation for the loss actually and necessarily sustained by him through the negligence of the defendant. As he was entitled to prevail in the cause and to have judgment for some amount, the order of the court sustaining the demurrer was erroneous, and such judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

DOSTER, C. J., SMITH, POLLOCK, JJ., concurring.

ELLIS, J. (dissenting) : In the opinion of the majority as to the second paragraph of the syllabus and corresponding portion of the opinion I am unable to concur. If plaintiff had been the owner of the engine and it had been wholly destroyed, the measure of his damages would have been its value. Presumably the owner has already been compensated on the basis of a total loss. The fact, if it be conceded, that the plain-

tiff had acquired an interest as a bailee for hire in that which was destroyed could not, I think, operate to enlarge the defendant's liability.   As the court has not expressly held the defendant liable for profits which, but for the accident, might have accrued to plaintiff, I refrain from entering into a discussion of that subject at this time.