### STATE *ex rel.* STEVENSON V. RUSSELL, *Judge.*

No. 168.   Opinion Filed May 13, 1908.

(95 Pac. 463.)

1.   MANDAMUS—When Lies. The writ of mandamus will not lie except to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station.

2.   SAME—To Judge—Admission to Bail—Records. The writ of mandamus will not lie to compel a district judge to enter of record in the district court of a certain county in his district an alleged order admitting defendant to bail. where it appears that the same is not there properly entitled to record.

(Syllabus by the Court.)

Application by the state, on the relation of James Stevenson, for writ of mandamus to S. H. Russell, judge of the district court of Carter county. Writ denied.

*Pruiett, Cardwell & Sniggs.* for relator.

*S. H. Russell, pro se.*

TURNER, J.   On February 19, 1908, the petitioner, James Stevenson, brought an original proceeding in this court for a writ of *habeas corpus* to secure his release from custody on bail. The petitioner urged two grounds on which he claimed his right to the writ; the first being that after his indictment for a capital offense he applied to the Honorable Hosea Townsend, who at that time was judge of the United States Court for the Southern District of the Indian Territory, for bail. and that said judge admitted

the petitioner to bail in the sum of $5,000 and that after the trans-- ition of said court into the district court of the state of Oklahoma the said court of said district refused to admit the petitioner to bail under said order. That petitioner thereafter applied to the Honorable R. McMillan, judge of the Fourteenth judicial district of the state of Oklahoma, to be admitted to bail, and a hearing of said application was had; that upon considering the testimony the said judge of said court committed the petitioner to the common jail of Cleveland county to be held upon said indictment without bail; that said restraint was illegal; that petitioner was not guilty of the crime of murder or any crime, and the proof of guilt was not evident, nor the presumption thereof great. An alleged copy of which said order was filed with his said petition. His contention was that said order admitting him to bail was *res adjudicata* as to his right thereto. But it appeared on that application that no order granting bail was ever entered of record on the journal of either the United States Court for the Southern district of the Indian Territory or the said district court of Carter county, Okla., or, indeed, of any court whatever, and for that reason the writ of *habeas corpus* was denied.

This is an original application for a writ of mandamus filed herein on April 22, 1908, by said petitioner to require the Honorable Stilwell H. Russell, judge of the district court of Carter county, to pass judgment upon an application to supply the record in said cause and have said order entered therein, a copy of which is alleged by petitioner to have been presented to him as an exhibit to said petition, and which it is alleged he refused to do or consider. On April 30, 1908, respondent filed answer to the alternative writ of mandamus issued herein. and the cause came on for hearing upon an agreed statement of facts. During the hearing it developed that the alleged original order of Judge Townsend admitting defendant to bail in the sum of $5,000 was on file in this court with petitioner's application for bail aforesaid, but had never been entered of record, either in the district court of Carter county or in the district court of Mc-

Lain·county where the indictment is pending, or anywhere else, so far as this court is advised. It does not clearly appear to this court from the testimony submitted on this application whether this alleged order was made as a court order or a chambers order by Judge Townsend at Ardmore; but from the face of a copy of the alleged order it appears to be a court order made by him at Purcell.

The court is therefore of the opinion that said order is in no event properly admissible of record in the district court of Carter county, and for that reason the peremptory writ of mandamus in this case is refused.

All the Justices concur.