DAVIS, *County Judge,* v. CARUTHERS, *District Judge.*

No. 270.   Opinion Filed September 25, 1908.

(97 Pac. 581.)

1.   MANDAMUS—When Lies—Transfer of Records by Court.   A writ of mandamus will lie to require the judge of a district court, as the successor of the United States court in the Indian Territory formerly located in the territory embraced by the county in which such district court sits, to cause by proper order all matters, proceedings, records, books, papers, and documents pertaining to all original causes or proceedings relating to estates transferred to such district court from such United States court, to be transferred to the county court of such county.

2.   SAME—Parties.   Such action may be brought in the name of the state, on the relation of the county judge, or any other proper party.

3.   PARTIES—Defect of—Waiver.   When not brought in the name of the state on the relation of a proper party, but in the name of such a party, and the respondent defends by a general demurrer, neither raising the question by a special demurrer or otherwise, such question of defect of parties is waived.

(Syllabus by the Court.)

Original petition for mandamus by Josiah G. Davis, as judge of the county court, etc., against John Caruthers, as judge of the district court, etc. Writ awarded, but only on further application, if certain order be not made.

This action was begun on the 19th day of May, A. D. 1908, in this court, by the relator filing his petition herein, alleging that at the general election held in this state, on the 17th day of September, A. D. 1907, he was duly elected to the office of county judge of Creek county, receiving a majority of the votes cast in said county at said election for said office, and that he duly qualified as such judge, and has since the admission of the state into the Union held said office and discharged the duties thereof, and is now the duly qualified and acting county judge of said county;

that at the same election the respondent, John Caruthers, was duly elected to the office of district judge for the district court of the Ninth judicial district of said state, and duly qualified as such, and since the 16th day of November, A. D. 1907, has held said office and discharged the duties thereof, and is now the duly elected, qualified, and acting district judge for said district and county. Relator further alleges that the district court of said county is in possession of the proceedings, records, books, papers. and documents pertaining to all causes and proceedings relating to estates which were pending in the United States Court for the Western District of the Indian Territory when Oklahoma was admitted as a state; that said court became possessed of said proceedings, records, books, papers, and documents as successor to the United States Court, and it became and is the duty of the respondent, as judge of said court, under the terms of the Enabling Act and the Constitution of the state of Oklahoma, to cause to be transferred to the county court in which the city of Sapulpa is located all of said matters, proceedings, records, books, papers, and documents. Relator further alleges that on the 11th day of December, A. D. 1907, the district court for said county of Creek being in session, relator, as judge of the county court, presented to said district court his petition, praying for all of said matters, proceedings, records, books, papers, and documents pertaining to all causes or proceedings relating to estates which were pending in the United States Court for the Western District of the Indian Territory at Sapulpa when Oklahoma became a state to be transferred to the county court of said Creek county, which said petition was by the respondent, as judge of the district court, denied, and the said district court still retains possession thereof, and refuses to transfer the same to relator, as judge of the county court of said county of Creek. Relator then prays for the issuance against said respondent of a writ of mandamus, requiring him to transfer to the said county court all matters, proceedings, records, books, papers, and documents pertaining to all causes or proceedings relating to estates which were pending in the United States

Court for the Western District of the Indian Territory at Sapulpa, when the state was admitted into the Union, and for such other processes, orders, and remedies which may be proper in the premises.

At the same time it was stipulated between the parties hereto that the issuance of an alternative writ of mandamus should be waived, and that defendant should file his answer to said petition within 30 days from said date, that said answer might be taken as and for a return to the alternative writ, and that this court may determine said cause upon the facts set out in the petition of relator and the answer of respondent. On the 12th day of June, A. D. 1908, respondent filed a demurrer to relator's petition on the ground that it did "not state facts sufficient to constitute a cause of action against this respondent."

*Mann & Jackson,* for relator.

*C. T. Huddleston,* for respondent.

WILLIAMS, C. J. (after stating the facts as above). Relator contends that by virtue of section 23 of the Schedule to the Constitution (Bunn's Ed. § 472) it was the duty of the judge holding the district court for the Ninth Judicial district at Sapulpa, in Creek county, as the successor of the United States Court at Sapulpa, on his own motion to cause to be transferred, by proper order of said state district court, all matters, proceedings, records, books, papers, and documents appertaining to all causes or proceedings relating to estates pending in said United States Court.

On the contrary respondent insists that section 1 of the act of the Legislature of December 21, A. D. 1907 (Laws 1907-08, p. 205, c. 16, art. 1), being Senate Bill No. 11, entitled "An act providing for the removal of all those causes, both civil and criminal, transferred from the courts of the territory of Oklahoma and the United States Courts for the Indian Territory to the courts of this state, including the transcript of the records of mayors' and the United States commissioners' courts in that part of the state formerly known as Indian Territory, which would

have been properly triable in any other court of any county or district of the state had such suits or proceedings been commenced after the admission of the state into the Union," points out the methods by which all causes and proceedings, including probate matters, pending at the time of the passage of said act in any of the district courts which are successors to the United States Courts, shall be transferred to any other court in the state of Oklahoma; such method being by petition, verified by the affidavit of the applicant or his attorney of record, such applicant to have a substantial interest therein.

The respondent's general demurrer does not raise the question of defect of parties. *C., O. & G. R. R. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271; *Coulson v. Wing,* 42 Kan. 508, 22 Pac. 570, 16 Am. St. Rep. 503; *Seip v. Tilghman,* 23 Kan. 290; *Chicago & Atchison Bridge Co. v. Fowler,* 55 Kan. 17, 39 Pac. 727; *Foster v. Board of County Commissioners,* 63 Kan. 43, 64 Pac. 1037; *Stiles v. City of Guthrie,* 3 Okla. 26, 41 Pac. 383; *Weber v. Dillon,* 7 Okla. 568, 54 Pac. 894.

This action should have been brought in the name of the state, on relation of the proper party. *Rider v. Brown et al.,* 1 Okla. 244, 32 Pac. 341; *State v. St. Louis Public Schools,* 134 Mo. 296, 35 S. W. 617, 56 Am. St. Rep. 503; *State v. Bronson,* 115 Mo. 271, 21 S. W. 1125; *Moses v. Kerney,* 31 Ark. 261; *Ex parte Fuller,* 25 Ark. 443; *Wheeler v. Northern Colo. Irrigation Co.,* 9 Colo. 248, 11 Pac. 103; *Peck v. Booth,* 42 Conn. 271; *Lyon v. Rice,* 41 Conn. 245; *People v. Martin,* 62 Barb. (N. Y.) 570; *People v. Northern Central R. R. Co.,* 164 N. Y. 289, 58 N E. 138; *State v. Carey,* 2 N. D. 36, 49 N. W. 164. The relator, as judge of the county court, had original supervision over probate matters, and, the records sought being necessary to the exercise of such duties, could bring mandamus, on his relation, in the name of the state, to compel the transfer of said records, etc. *State v. Croom,* 48 Fla. 176, 37 South. 303; *Holland v. State,* 23 Fla. 123, 1 South. 522; *Polk v. James,* 68 Ga. 128; *Manor v. McCall,* 5 Ga. 522; *Wolfe v. State,* 90 Ind. 16; *People v. Kingston,* 101 N. Y.

82, 4 N. E. 348; *Jernigan v. Finley*, 90 Tex. 205, 38 S. W. 24; *State v. Headlee*, 22 Wash. 126, 60 Pac. 126.

Whilst we incline to the view that this action should have been brought in the name of the state, on the relation of the county judge, yet, the respondent not having demurred on the ground of defect of parties, nor otherwise raised such question, the same is waived.

Section 10, art. 7 (Bunn's Ed. § 180) of the Constitution prescribes the jurisdiction of the district court to extend to all cases, civil and criminal, "except where exclusive jurisdiction is conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution or by law." Section 12, art. 7 (Bunn's Ed. § 182), provides that "the county court, co-extensive with the county, shall have original jurisdiction in all probate matters.  *  *  *" The district court, as the successor of the United States Court in the Indian Territory at Sapulpa, had no original probate jurisdiction whatever, and had no authority to continue to administer probate matters, except on appeal to such court. The provisions of section 23 of the Schedule, *supra,* is mandatory upon the district court, as the successor of said court in such county in which the United States Court was located, to transfer to the county court of said county all matters, proceedings, records, books, papers, and documents pertaining to all original causes or proceedings relating to estates. The proviso therein contained relates to the county court; it being contemplated that there would be transferred from the United States Courts to the county courts causes that would, under the new conditions, more properly be cognizable in the county court of another county, and the constitutional convention, anticipating such exigencies, provided that the Legislature might enact laws to meet such conditions. Section 2 of the act of the Legislature of June 4, A. D. 1908 (Laws 1907-08, p. 284, c. 27, art, 1), being Senate Bill No. 221, styled "An act to define the jurisdiction and duties of the county courts and to fix the compensation for the judges thereof," etc., providing that "the county

court, coextensive with the county shall have original jurisdiction in all probate matters," is merely declaratory of section 12, art. 7. of the Constitution, *supra*.

When the state was admitted into the Union, it became the duty of the judge of the district court for Creek county, as successor of the United States Court at Sapulpa, to cause to be transferred to the county court of said county all matters, proceedings, records, books, papers, and documents pertaining to all original causes or proceedings relating to estates that came to said court from said United States Court. At most, section 1 of the act of December 21, 1907, empowers any one having a substantial, beneficial interest in any probate matter that came from the proper United States Court to any district court, where such district court has failed to transfer the same to the proper county court, on petition verified by the affidavit of such beneficiary, or his attorney of record, to require the same to be transferred to the proper county court, whether it be the county in which the United States Court had been located or not. But as to whether or not there is such a conflict between the provisions of sections 23 of the Schedule and section 1 of said act as would render any part of the act invalid it is not now necessary to determine. It having become the duty of the district court, as a matter of law, to transfer to the county court of Creek county all matters, proceedings, records, books, papers, and documents pertaining to all original causes or proceedings relating to estates transmitted to it from the United States Court for the Indian Territory at Sapulpa, where the judge of such court refuses to make such order, it is proper that a writ of mandamus should issue requiring such order to be made. *Eberle v. King,* 20 Okla. 49, 93 Pac. 748; *State ex rel. v. Russell,* 21 Okla. 58, 95 Pac. 463; *Higgins v. Brown,* 20 Okla 355, 94 Pac. 703.

The writ will be awarded, to be issued only on the further application of relator's counsel, if an order transferring all matters, proceedings, records, books, papers, and documents pertaining to all original causes or proceedings relating to estates which

came to said district court from the United States Court for the Indian Territory at Sapulpa, is not made in the court below upon advice of our conclusions.

All the Justices concur.