[Civ. No. 1445.   Third Appellate District.—November 4, 1915.]

J. C. ARTHUR, Petitioner, v. A. W. HORWEGE et al.,
Respondents.

MUNICIPAL CORPORATIONS—JUDGMENTS AGAINST—INCLUSION IN TAX
LEVY—ACT OF 1901.—It is an essential condition upon which the
legal duty of a city council to include the amount of a judgment
against the municipality in the tax levy is dependent, under the act
of 1901 (Stats. 1901, p. 794), providing for the payment of judg-
ments against counties, cities, cities and counties, and towns, that the
county clerk furnish said city council with a report of said judg-
ment at least fifteen days before the day on which the law requires
the tax levy to be made; and where such report is not received until
the day of the levy, provision must be made in the next year's levy
for the payment of the judgment, and the fact that no earlier notice
of the judgment could have been given does not affect such statutory
provision.

APPLICATION for a Writ of Mandate originally made to
the District Court of Appeal for the Third Appellate District
directed to the City Council of Petaluma, to compel it to in-
clude in the tax levy a sum sufficient to pay a certain judg-
ment.

The facts are stated in the opinion of the court.

Lippitt & Lippitt, and R. L. Thompson, for Petitioner.

G. P. Hall, and W. F. Cowan, for Respondents.

BURNETT, J.—This is an application for a writ of man-
date to compel the council of the city of Petaluma to include
in the tax levy for the fiscal year 1915–16 a sum sufficient to
pay a final judgment in favor of said petitioner against said
city of Petaluma.

Petitioner claims that the duty so to proceed grows out of
the provisions of "An act to provide for the payment of judg-
ments against counties, cities, cities and counties and towns,"
found in the statutes of 1901, page 794. Said law provides
as follows:

"Section 1.   All final judgments now existing or that may
be obtained hereafter against any county, city and county,

city, or town of the state of California, shall be paid by the treasurer of such county, city and county, or town, as hereinafter provided.

"Sec. 2.  It shall be the duty of the county clerk to file with the auditor and to furnish the board of supervisors, town trustees, or other board or body authorized by law to levy taxes, a complete list of all the existing final judgments against such county, city and county, city, or town, of record in his office, at least fifteen days before the day on which any tax levy must by law be made.

"Sec. 3.  It shall be the duty of the auditor to examine and audit the final judgments so reported by the county clerk, and to certify the amount of such final judgments to the treasurer within five (5) days from the day on which such list of final judgments is filed with him.  Thereupon, the board of supervisors, city council, town trustees, or other board of officers, as the case may be, having authority to levy taxes upon the taxable property of such county, city and county, city, or town, must include in the tax levy for the next fiscal year a rate or sum sufficient to pay all final judgments existing against such county, city and county, city, or town.  The omission to include the amount of any existing final judgment in the tax levy for any year, shall not of itself invalidate the tax levy as made, but such omission or omissions must be included in the next tax levy," etc.

It is thus made plain that an essential condition upon which the legal duty of the city council to include the amount of the judgment in the tax levy is dependent is the fact that the county clerk furnished said city council with a report of said judgment at least fifteen days before the day on which the law required the tax levy to be made.  It is conceded that September 7th was such date for said levy and that the report of said judgment was made by said clerk to said council on the fourth day of September and was received by them on September 7th, the day of the levy.  It cannot be said, therefore, without disregarding the unequivocal provisions of the statute that it was the legal duty of the council to include said judgment in the tax levy.  The legislature has seen fit to require at least fifteen days' notice.  We must assume that there was and is sound reason for such requirement.  The preparation and extension of a tax levy involves no inconsiderable trouble and the timely notice of the unusual tax

is important to prevent embarrassment and confusion. It is true that no earlier notice of the judgment could be given herein but that circumstance cannot change nor affect said statutory provision. The result is simply that provision must be made in the next year's levy for the payment of said judgment. The compensation to the plaintiff for the delay must be found in the interest which his judgment bears. We must assume, of course, that the city council are acting in good faith and that they will not attempt to avoid the payment of this legal claim. It would be absurd to contend and probably no one would contend that the trustees could continue the matter from year to year by virtue of the provision that the omission to include the judgment in one levy must be supplied by the next. It would be equally unreasonable to contend that the claim could be defeated by the artifice of reaching the tax limit for other purposes or that the court would have no authority to direct the correction of the tax list after it had been completed. As to the first of these suggestions, it is sufficient to say that such claim as this is not included within the ordinary expenses for which the maximum is established by the law, and the other suggestion is sufficiently answered by the cases of *State* v. *Headlee,* 22 Wash. 126, [60 Pac. 126], and *State* v. *Byrne,* 32 Wash. 264, [73 Pac. 394].)

We think no sufficient reason is shown for the issuance of the writ, and the order to show cause is therefore discharged and the peremptory writ denied.

Chipman, P. J., and Hart, J., concurred.