## No. 9767.

THE COLORADO & SOUTHERN RAILWAY CO. *v.* BOARD OF
COMMISSIONERS OF BOULDER COUNTY, COLO.

Decided March 7, 1921.

Action for refund of taxes paid under protest. Judgment
for defendant.

### *Affirmed.*

1. TAXATION—*Time of Levy.* The provision of sec. 5760, R. S. 1908, that the county commissioners shall make a levy on the first Monday of November, is directory; if for any cause they are not able to make the levy on that day, they may make it at any time.

2.     *Erroneous Levy—Correction.* The unsuccessful attempt to lay a tax does not exhaust the taxing power and a new and valid levy may be made afterwards. Any defect which may have made a former levy partially invalid, can be remedied.

3.     *Levy—Limitation—Tax Commission.* A tax levy in excess of the limit fixed by sec. 6, chap. 137, S. L. 1913, is valid if authorized by the state tax commission.

*Error to the District Court of Boulder County, Hon. George
H. Bradfield, Judge.*

Mr. E. E. WHITTED, Mr. J. Q. DIER, Mr. PERCY ROBINSON,
for plaintiff in error.

Mr. THOMAS A. McHARG, Messrs. MARTIN, NEWCOMER &
TINGLOF, Mr. VICTOR E. KEYES, attorney general, Mr.
BENTLEY M. McMULLIN, assistant, Mr. CHARLES ROACH,
deputy, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by the Colorado & Southern Railway
Company against the Board of County Commissioners of
Boulder County to recover certain taxes paid under protest.

The trial court rendered judgment for defendant, and plaintiff brings the cause here for review.

The controversy arises from the following facts:

On November 13, 1915, the County Commissioners fixed, or attempted to fix, a levy of 2.30 mills "for ordinary Revenue Fund," and a levy of .67 mills "for support of Poor," in making the county tax levy for 1915. The assessed valuation of Boulder County for the year 1915 was $37,-431,360. The total levy for the two items above mentioned, fixed in November, 1915, was 2.97 mills. It is conceded that it should have been limited to 2.26 mills, under the following provisions of Chapter 137, page 557, Session Laws of 1913:

"Section 1. The power of the board of county commissioners of each of the several counties of the State to fix rates of levy annually for the creation of funds out of which to meet and defray the ordinary county expenses including the support of the poor and for the purpose of raising a fund to meet any unforeseen contingency expenses of the county is hereby limited as follows:

Section 6. * * * In any county which has an assessed valuation in any amount in excess of eleven million dollars up to and including fifty million dollars, the maximum levy shall be determined by reducing the levy of 2.78 mills allowed upon a valuation of eleven million dollars, .02 of one mill for each one one million dollars in excess of eleven million dollars and any rate of levy so determined shall be the maximum rate of levy for all assessed valuations which are fractions of the next higher one million dollars of valuation."

On December 31, 1915, the County Commissioners adopted the 1915 tax levy, the county levy "for Ordinary Revenue Fund (being) 2.30 mills" and "for Support of Poor (being) .67 mills. The levy thus fixed, for these two purposes, exceeded the statutory limit by .71 mills. At that time no authorization of the excessive levy had been obtained from the Tax Commission.

On February 23, 1916, the County Commissioners pre-

sented to the Tax Commission their petition for authority to make a levy exceeding the statutory limit by .71 mills. This step was taken under section 12 of the Act above cited (S. L. 1913, p. 557, 560), which provides:

"If any board of levy or any officer that is charged with the duty of levying a tax in any taxing district, except the state, shall be of the opinion that the amount of tax limited by this act will be insufficient for the needs of such taxing district for the current year, the question of an increased levy may be submitted to The Colorado Tax Commission and it shall be the duty of The Colorado Tax Commission to examine into the needs of such taxing district and ascertain from such examination the financial condition thereof and if, in the opinion of The Colorado Tax Commission, such taxing district is in need of additional funds the said Commission may recommend an increased levy for such taxing district above the limits hereinbefore applied and such taxing district is authorized to make such excess levy not exceeding five mills on the dollar of the valuation of such district; * * *."

Thereafter, the following communication and order was received by the County Commissioners from the Tax Commission:

"The question of an increased tax levy for general county purposes, including the support of the poor, for Boulder County, for the year 1916, having been submitted to the Colorado Tax Commission and said Commission having made an investigation of the financial needs of said county and from such investigation being of the opinion that such county is in need of additional revenue for the coming year, hereby grants the petition of the board of county commissioners and allows a levy of not to exceed 2.97 mills on the valuation of 1915 to be used for county purposes. * * *"

On February 25, 1916, and after having received the above quoted communication or order from the Tax Commission, the County Commissioners again made a levy of

2.30 mills "for ordinary County Revenue Fund" and of .67 mills "for fund for Support of the Poor."

The contention or theory of the plaintiff in error, plaintiff below, is to the effect that the action of the Tax Commission, and that of the Board of County Commissioners at its meeting of February 25, 1916, should be wholly disregarded; that the only levy of taxes lawfully made and adopted by the County Commissioners was that made in December, 1915; that the levy of 2.97 mills made at that time is valid up to 2.26 mills thereof and void as to so much as is in excess of 2.26 mills.

The provision of Section 5760, R. S. 1908 that the County Commissioners shall make a levy on the first Monday in November is directory. *Tallon v. Vindicator Co.,* 59 Colo. 316, 328, 149 Pac. 108. Furthermore, the same section provides that "if, for any cause, the commissioners shall not be able to levy such taxes on or before the first Monday of November, in any year, they may make such levy at any time."

If the levy made November 13, 1915, or adopted December 31, 1915, was wholly void, the board of county commissioners could have made a valid levy, and did make it, in their proceedings of February 25, 1916. An unsuccessful attempt to lay a tax does not exhaust the power, and a new and valid levy may be made afterwards. *Sanford v. Prentice,* 28 Wis. 358.

If the board can cure a total omission to make a levy, or the making of a totally invalid levy, by making a levy afterwards, it can remedy any defect which may have made a former levy partially invalid. In 15 C. J. 640, sec. 350, it is said:

"In levying taxes, a county board acts in a legislative, and not in a judicial, capacity; and, in the absence of legislative or constitutional provision to the contrary, its action in once levying a tax is not final but is subject to revocation and amendment."

In *State v. Headlee,* 22 Wash. 126, 60 Pac. 126, the court said:

"The general powers of the county commissioners are extensive, under the statute. They are the financial agents of the county, and it would be a harsh rule to lay down that a mistake which they had made in the transaction of their business could not be rectified."

The County Commissioners of Boulder County at their meeting of February 23, 1916, made a new levy, or remade a former levy, of 2.30 mills for the ordinary county revenue fund and of .67 mills for the fund for the support of the poor. They had the power to make a relevy, under the principles and the authorities above cited. Prior to the time they took the action last above stated, they had been expressly authorized by the Colorado Tax Commission to make a levy of not to exceed 2.97 mills for the purposes stated. The new levy did not exceed the amount thus authorized. Having obtained the previous consent of the Commission, the board was authorized, under the provisions of the Act of 1913, to make, as it did, a levy of 2.97 mills. The levy is therefore valid. The taxes paid by plaintiff were due under a valid levy, and plaintiff is not entitled to recover back any portion of the same.

The judgment of the district court is affirmed.

Mr. Chief Justice Scott not participating.