State ex rel. JOHNSON VS. WASHBURN.

$\frac{22\quad 99}{\text{d}103\ 409}$

$\frac{22\quad 99}{\text{o}106\ 237}$

MANDAMUS : *does not lie to compel judge to grant a change of venue.*

The remedy for a refusal of a circuit judge to order a change in the place of·
trial, is by appeal, and not by *mandamus.* *State ex rel. Brownell vs. Mc-
Arthur*, 13 Wis., 407, overruled as to this point.

APPLICATION for a *Mandamus.*
*Waldo, Ody & Van,* for the relator.
*E. H. Ellis* and *Stevens, Lewis & Flower,* for respondent.

COLE, J.   This was a rule directed to the circuit judge of
the tenth circuit, requiring him to appear and show cause
why a peremptory writ of *mandamus* should not be issued,
commanding him to enter an order changing the place of
trial in an action therein mentioned.   It appears from the
papers upon which the rule was granted, that an action for
the recovery of money was commenced against the relators
in the circuit court of Oconto county.   The relators are all
residents of Milwaukee county, and service was had upon
them in that county.   Before the time for answering
expired, the defendants demanded in writing that the trial
be had in the county in which they resided.   The plaintiff
refusing to consent to a change of the place of trial, appli-
cation was duly made to the circuit court for an order
changing the place of trial to Milwaukee county.   This
application was denied by the circuit court, on the ground
and for the reason stated by the judge in answer to the rule
to show cause, that it appeared that all the transactions out
of which the cause of action arose occurred in Oconto
county, and that the convenience of all the plaintiff's wit-
nesses, and probably of the defendants' witnesses, as well as
the ends of justice, would be best promoted by retaining
the cause for trial in Oconto county.

Whether the circuit court was right in refusing to change
the place of trial upon these grounds, and in the view which

it took of the various provisions of chap. 123, R. S., is a point we shall not attempt to decide upon this application. We shall assume, however, for the purposes of this application, that the defendants were entitled, under the circumstances, to have the place of trial changed to Milwaukee county, where they resided. And then the question arises, whether this court should grant a writ of *mandamus* commanding the circuit court to change the place of trial? It is objected that the order denying the motion for a change of the place of trial is appealable, and that the remedy by *mandamus* is not proper. We think this position is sound, and that it furnishes a most conclusive reason for denying this application. In *Western Bank of Scotland v. Tallman*, 15 Wis., 92, an order refusing to change the place of trial on account of the prejudice of the judge, was held to be an appealable order. See also *Oatman v. Bond*, 15 Wis., 20 ; *Foster v. Bacon*, 9 id., 345, and *The Supervisors of Jefferson Co. v. The Supervisors of Milwaukee*, 20 id., 139. It is true, in the case of *The State ex rel. Brownell v. McArthur*, 13 Wis., 407, this court granted a writ of *mandamus* commanding the circuit judge to change the place of trial; but the question was not fully considered by the court, or argued by counsel, and we are satisfied that the practice there adopted was wrong, and should not be followed. And because an order improperly refusing to change the place of trial is an appealable order, we deny the application for the writ in this case.

*By the Court.*—Motion for a peremptory writ of *mandamus* denied.