[Malone v. State.]

## Ex parte Reeves.

*Petition for Mandamus, to Circuit Judge, in Matter of Application for Change of Venue.*

*Change of venue in criminal case; to what county.* — Under the statute which gives the defendant in a criminal case the right to a change of venue (Rev. Code, §§ 4206–7), the venue must be changed, on his proper application, to the "nearest county free from objection;" and neither the time when the next term of the court will be held in that county, nor the convenience of the witnesses, is sufficient to authorize the removal to any other county.

PETITION by John Reeves, for a writ of *mandamus* to the Hon. J. McCALEB WILEY, presiding in the circuit court of Coffee county, on the facts stated in the opinion.

J. D. ROBERTS, for the petitioner.

B. F. SAFFOLD, J. — The petitioner, under indictment for grand larceny, was granted a change of venue from Coffee to Pike county. He desired the cause to be transferred to Covington county, because, no objection being made to that county by the State, it was shown to be the nearest. The court ordered it to Pike, because the witness lived somewhat nearer to that county, and the spring term of the court there had not passed, whereas it had passed in Covington.

The statute expressly directs, that " the trial must be removed to the nearest county free from exception, and can be removed but once." R. C. § 4207. The exception referred to means some obstacle to a fair and impartial trial. R. C. § 4206.

The remedy before trial is *mandamus*. *Birdsong* v. *State*, 47 Ala. 68. A rule *nisi* will issue.