State ex rel. Spence vs. Dick.

The State ex rel. Spence vs. Dick, Circuit Judge.

*May 19 — June 2, 1899.*

*Change of venue: Prejudice of county judge: Mandamus: Appealable orders.*

1. Under sec. 2467, S. & B. Ann. Stats. (providing that when, in a civil action pending in the circuit court for Dodge county, a change of venue shall be granted on account of prejudice of the judge, it may, in the discretion of the court, be changed to the county court of Dodge county, unless it shall appear that the county judge is prejudiced or disqualified), on filing an *ex parte* affidavit, alleging prejudice on the part of the circuit and county judge, and bringing it to the attention of the circuit court, the right of the party becomes absolute to have a change of venue of the case to the circuit court of some county in an adjoining circuit.

2. Under the present statute regulating appeals (sec. 3069, Stats. 1898), orders changing venue of actions are not appealable, and *mandamus* is an appropriate remedy to review such orders. *State ex rel. Johnson v. Washburn*, 22 Wis. 99, distinguished.

103 407
103 617
103 622

103 407
105 94

103 407
e106 236

103 407
117 2540

State ex rel. Spence vs. Dick.

MANDAMUS to JAMES J. DICK, Judge of the Circuit Court for Dodge county: *Peremptory writ granted.*

*T. W. Spence,* for the relator.

*M. L. Lueck,* for the respondent, to the point that the writ would not lie because the remedy by appeal from the final judgment was adequate, cited *State ex rel. Johnson v. Washburn,* 22 Wis. 99; *People ex rel. Meminger v. Sexton,* 24 Cal. 78; *St. Clair T. Co. v. St. Clair Circuit Judge,* 114 Mich. 417; *Mich. M. F. Ins. Co. v. Wayne Circuit Judge,* 112 Mich. 270.

WINSLOW, J. This is a *mandamus* action commenced in this court, the object being to compel the respondent, as circuit judge of the Thirteenth circuit, to make an order changing the venue of the action of *Laura W. Spence* against William Pieper and others to some circuit court outside of said Thirteenth circuit. An alternative writ was issued, and return thereto made by the respondent, and the relator demurred to the sufficiency of the return. It appears by the return that the action of *Spence v. Pieper et al.* was a foreclosure action pending in the circuit court for Dodge county, and that the relator moved for change of venue thereof upon an affidavit which alleged, in due form, the prejudice of the respondent, and contained a further allegation charging, in due form, the prejudice of the judge of the county court of Dodge county. Upon this affidavit the relator claimed that the case must be sent to some circuit court outside of the Thirteenth circuit, but the respondent held that it was within his discretion to send the case to the county court of Dodge county, which he did, notwithstanding the allegation of the prejudice of the judge of that court.

The statute governing the matter is sec. 2467, S. & B. Ann. Stats., which provides that, when a change of venue on account of prejudice of the judge shall be granted in a civil action pending in Dodge county, "it may in the discretion of the court be changed to the county court of Dodge county,

State ex rel. Spence vs. Dick.

*unless* it shall appear that the judge of such county court is prejudiced or disqualified." It seems entirely plain, from the language used, that the discretion of the circuit judge to send the case to the county court ceases the moment it appears that the judge of that court is prejudiced or disqualified. It was held in *N. W. I. Co. v. Crane*, 66 Wis. 570, construing identical words in this same section, that prejudice appeared when the *ex parte* affidavit alleging such fact was filed and brought to the attention of the court; hence it must follow that upon the filing of the affidavit in question the relator's right became absolute to have a change of venue of the case to the circuit court of some county in an adjoining circuit.

A question is raised whether *mandamus* can be maintained. In *State ex rel. Johnson v. Washburn*, 22 Wis. 99, an order refusing to change venue was held appealable, and a peremptory writ of *mandamus* was on that ground denied. Under the present statute regulating appeals from orders, however, orders changing the venue are not appealable. Stats. 1898, sec. 3069; *Evans v. Curtiss*, 98 Wis. 97. Hence the reason of the decision in *State ex rel. Johnson v. Washburn* disappears, and *mandamus* becomes an appropriate remedy, as held in *State ex rel. Brownell v. McArthur*, 13 Wis. 407. The writ will issue to enforce a clear legal right, where the duty sought to be enforced is positive and plain, and not subject to discretion, and the applicant shows substantial damage resulting from nonperformance of the duty, that there is no other adequate remedy, and that he is guilty of no laches, and there are no special reasons rendering the granting of the writ inequitable. *Neu v. Voege*, 96 Wis. 489.

The demurrer must be sustained and a peremptory writ issued.

*By the Court.*— It is so adjudged.