STATE *ex rel.* STEVENSON V. McMILLAN, *Judge, et al.*

No. 220.    Opinion Filed June 22, 1908.

(96 Pac. 618.)

1.    MANDAMUS — Bail — Refusal to Approve—Order Antedating Statehood.    Where it appears to this court on answer to the alternative writ that prior to the admission of the state into the Union relator was indicted for murder and admitted to bail; that since that time the order admitting him to bail had been duly spread of record in the district court as successor of the United States Court for the Southern District of the Indian Territory, where the indictment was found, and also in the district court in the county to which said cause had been transferred; that a good and sufficient bond had been made and tendered to the clerk of the district court where the cause was pending, for his approval, which he had refused to do; that the judge of the district court had also refused to approve said bond and enter an order discharging relator from custody—mandamus will lie.

2.    SAME—Performance of Official Duty.    Mandamus will lie to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

(Syllabus by the Court.)

Application by the state, on the relation of James Stevenson, for writ of mandamus to R. McMillan, judge, and T. J. Austin, clerk.    Writ withheld.

*Preuitt, Cardwell & Sniggs,* for relator.

*Charles J. West, Atty. Gen.,* and *W. C. Reeves, Asst. Atty. Gen.,* for respondents.

TURNER, J.    On February 19, 1908, the petitioner, James Stevenson, brought an original proceeding in this court for a writ of *habeas corpus* to secure his release from custody on bail.    The petitioner urged two grounds on which he claimed his right to the writ; the first being that after his indictment for a capital offense he applied to the Honorable Hosea Townsend, who at that time was judge of the United States Court for the Southern Dis-

trict of the Indian Territory, for bail, and that said judge admitted the petitioner to bail in the sum of $5,000; that after the transition of said court into the district court of the state of Oklahoma the said court of said district refused to admit the petitioner to bail under said order; that petitioner thereafter applied to the Honorable R. McMillan, judge of the Fourteenth judicial district of the state of Oklahoma, to be admitted to bail and a hearing of said application was had; that, upon considering the testimony, the said judge of said court committed petitioner to the common jail of Cleveland county to be held upon said indictment without bail; that said restraint was illegal; that petitioner was not guilty of the crime of murder or any crime and the proof of guilt was not evident, nor the presumption thereof great, an alleged copy of which said order made by Judge Townsend was filed with his said petition. His contention was that said order admitting him to bail was *res adjudicata* as to his right thereto, But it appeared on that application that no order granting bail was ever entered of record on the journal of either the United States Court for the Southern District of the Indian Territory or the district court of Carter county, Okla., or, indeed, of any court whatever, and for that reason the writ of *habeas corpus* in that case was denied.

The present suit is an original application for a peremptory writ of mandamus, filed in this court May 26, 1908. The petition restates, in effect, the allegations in the former petition for a writ of *habeas corpus,* and that the cause had since been transferred from Purcell, McLain county, to Pauls Valley in Garvin county; that the aforesaid order of Judge Townsend admitting defendant to bail had been regularly spread of record at both places, a certified copy of which was filed with his petition; that on May 20, 1908, relator presented to respondent, T. J. Austin, clerk of the district court of Garvin county, a good and sufficient bond in the sum of $5,000, conditioned for the appearance of relator at Pauls Valley on June 15, 1908, at the next term of the district court of

Garvin county there to remain from day to day and term to term, until discharged by law; that, in effect, said bond was in all respects regular, but that said Austin refused to accept and approve the same and now refuses so to do, but not on account of its insufficiency; that on May 21, 1908, relator presented said bond to the respondent, Hon. R. McMillan, judge of the district court of Garvin county, for the same purpose and with the same result, and for an order discharging relator from custody which he refused and now refuses to make; that he is still confined in the common jail of Cleveland county under the order made by Hon. R. McMillan, and prays that the peremptory writ issue requiring said Austin to accept bail for relator in the sum of $5,000, and the said Hon. R. McMillan to make an order discharging him from custody.

Respondent filed answer to the alternative writ, offering, in effect, to submit to such order as the court might see fit to make. On the hearing, it appearing to the court that the allegations made in the petition are true and from the statements of the Attorney General representing the state, that in his opinion relator is entitled to bail upon the order of Judge Townsend aforesaid, admitting him to bail in the sum of $5,000, we are of the opinion that the prayer of relator should be granted, and that the clerk of the district court of Garvin county should approve a proper bond in the sum of $5,000 for his appearance on the first day of the next regular term of that court, at that place, and that relator should thereupon be released from custody.

We will withhold the peremptory writ, believing, as we do, that respondents will do their duties in accordance with this opinion.

Dunn, Hayes, and Kane, JJ., concur; Williams, C. J., dissents.