#### WINFREY V. BENTON *et al.*

No. 236.   Opinion Filed January 11, 1910.

(106  Pac.  853.)

1.   **MANDAMUS—Subjects of Relief—Exercise of Judicial Powers.**
Mandamus lies to require a court to exercise its lawful jurisdic-
tion, but not to coerce a particular judgment, or to rectify an
erroneous one.

2.   **MANDAMUS—When Writ Lies—Adequate Remedy at Law.** De-
fendants in an action before a justice of the peace filed an affi-
davit setting up that, on account of the bias and prejudice of
the justice against them, they believed they could not have a
fair and impartial trial before him, and thereby sought to have
a trial of the case changed to some other justice of the peace.
This affidavit and application the justice denied, kept jurisdic-
tion, and rendered judgment in the case. At the time of the
denial of the application for change of venue, defendants sued
out a writ of mandamus in the district court, and on a trial, a
judgment was rendered in which the justice was ordered to grant
the change. On appeal to this court from such judgment, the
same is held error, as a writ of mandamus would not lie to
compel the justice of the peace to reverse his erroneous ruling in
denying such application for change of venue, for the reason that
defendants had a plain and adequate remedy by appeal or er-
ror.
Williams, J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by M. F. Winfrey against E. E. Benton and another.
From a judgment granting a writ of mandamus, compelling a
justice to grant a change of venue, plaintiff brings error. Reversed
and dismissed.

*Thos. Morman* and *H. A. Ledbetter,* for plaintiff in error.—
Citing: *Territory ex rel. v. Crum* (Okla.) 73 Pac. 297; *State
ex rel. v. McKee* (Mo.) 51 S. W. 421; *Galbraith v. Williams*
(Ky.) 50 S. W. 686; *San Joaquin Co. v. Superior Court* (Cal.)
33 Pac. 482; *State v. Washburne,* 22 Wis. 95; *People v. Clark*

(Colo.) 44 Pac. 506; *State ex rel. v. Cotton* (Neb.) 50 N. W. 688; 19 A. & E. Enc. L. 750.

*J. T. Coleman,* for defendants in error.—Citing: *Lincoln v. Territory* (Okla.) 58 Pac. 730.

DUNN, J.   This case presents error from the district court of Carter county, and submits for our consideration and determination the question of whether or not mandamus is the proper remedy to be applied where a justice of the peace wrongfully denies a change of venue, where a party in his court makes proper application for the same.   Defendants in error, who were defendants in the action before the justice of the peace, filed an affidavit for change of venue under section 70, art. 7, c. 67 (section 4997) Wilson's Rev. & Ann. St. Okla. 1903, which was denied.   Immediately thereafter, and on the same day, the writ in the case at bar was sued out of the district court, but the justice proceeded and rendered judgment.   Section 687, art. 33, c. 66 (section 4885) Wilson's Rev. & Ann. St. Okla. 1903, referring to the writ of mandamus, provides:

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

The questions presented are:   Is the writ available for the purpose for which it was here issued, and did the parties seeking the same have a plain and adequate remedy in the justice court? If the writ will lie, and defendants had no complete remedy, then the action is proper, and should be sustained; but, if it is not available for the purpose to which it was put, or if they could have obtained relief, and it was plain and adequate in the ordinary course of the law, then this proceeding was improperly brought, and cannot be sustained.

The general rule obtaining in such cases is stated by Mr. Spelling in his work on Extraordinary Relief, at section 1390, as follows:

"Mandamus being an extraordinary remedial process should never be employed where the party seeking it may obtain redress in the ordinary course of judicial proceedings, in the one case by original action, and in the other by employing the means af-

forded by law for the corrections of errors after a suit has been already instituted. In the latter case this common reason is reinforced by the additional one of the inconvenience and confusion which would result from allowing litigants to resort to the appellate courts for correction of errors in advance of opportunity on the part of the lower court to correct its errors before final judgment and upon motion for new trial, and of the appellate court to review the entire record in the regular way, when it can enjoy the advantage of having the whole case before it. It is unimportant that the decision made was erroneous; the superior court will not interfere, but leave the relator to pursue whatever ordinary methods the law has provided for a review and correction of errors."

The foregoing states the general rule applicable to the use of this extraordinary writ wherever it is invoked, and a number of courts have had occasion to pass on the question where it involved the identical proposition which we now have before us. Although there is some little conflict among the authorities, the great weight holds that mandamus is not the proper remedy, but that in such a case the ruling is merely error, subject to be corrected, like all other errors, on appeal, that the justice does not lose jurisdiction, and that the judgment rendered at the conclusion of the case is not a nullity or void for the want of jurisdiction. This conclusion is sustained by the following authorities: *Barnhart & Bro. v. Davis et al.*, 30 Kan. 520, 2 Pac. 633; *Ellis v. Whitaker et al.*, 62 Kan. 582, 64 Pac. 62; *State ex rel. Proctor et al. v. Cotton*, 33 Neb. 560, 50 N. W. 688; *City of Ottumwa v. Schaub*, 52 Iowa, 515, 3 N. W. 529; *County of San Joaquin v. Superior Court of San Joaquin County*, 98 Cal. 602, 33 Pac. 482; *State ex rel. Johnson v. Washburn*, 22 Wis. 99; *People ex rel. Kindiel v. Clerk of the District Court of Arapahoe County*, 22 Colo. 280, 44 Pac. 506; *Galbraith v. Williams*, 106 Ky. 431, 50 S. W. 686; *People ex rel. Clark et al. v. McRoberts*, 100 Ill. 458; *People ex rel. Flagley v. Hubbard*, 22 Cal. 35; *Ex parte Chambers*, 10 Mo. App. 240; *Hamilton v. Smart, Judge*, 78 Kan. 218, 95 Pac. 836.

It follows, therefore, that the petition of plaintiff in error in

this court is sustained, and the judgment of the trial court is °
reversed, and the cause dismissed.

Kane, C. J., and Hayes and Turner, JJ., concur; Williams,
J. dissents.