# WROUGHT IRON RANGE CO. v. LEACH.

No. 1799.   Opinion Filed April 9, 1912.

(123 Pac. 419.)

1. **JUSTICES OF THE PEACE**—Procedure—Change of Venue. It is the duty of a justice of the peace to grant a change of venue when a motion, supported by affidavit, as provided by statute, has been presented asking for such change; and a refusal to grant the same is error.

2. **SAME.** The refusal of a justice to grant a change of venue does not oust the jurisdiction of the court; but any judgment rendered thereafter in the case is voidable only, and subject to correction on appeal.

3. **SAME**—Review of Decisions—Jurisdiction of Appellate Court. It is not error for the county court to refuse to sustain a motion to dismiss a cause on appeal for want of jurisdiction, simply because the justice before whom the cause was tried below refused to grant a change of venue.

4. **PRINCIPAL AND AGENT** — Existence of Relation — Evidence. Agency is a fact to be proved, as any other fact.

5. **SAME**—Authority of Agent—Evidence. The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question for the jury.

6. **APPEAL AND ERROR** — Review — Questions of Fact. Where there is any evidence reasonably tending to support the finding of a court, sitting without a jury, this court will not weigh the evidence to determine where the preponderance lies, nor disturb the finding so made.

7. **TRIAL**—Trial by Court—Findings—Effect. A general finding by a court or jury includes, also, a finding on all issues in the case necessary to sustain the general finding.

(Syllabus by Robertson, C.)

*Error from Blaine County Court;*
*George W. Ferguson, Judge.*

Action by C. A. Leach against the Wrought Iron Range Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Johnson & Wishard,* for plaintiff in error.

*C. F. Dyer,* for defendant in error.

Opinion by ROBERTSON, C.   This action was begun in the justice court of Blaine county by the defendant in error to recover the sum of $200 from one J. L. Anderson and the Wrought Iron Range Company for damages for the loss of a team of horses, caused by drowning, through the negligence and carelessness of Anderson, the alleged agent of the other defendant.   In the justice court, a motion was made by the attorneys for the Wrought Iron Range Company to dismiss the cause as to Anderson, which motion was sustained by the court, and the action thereafter proceeded against the Wrought Iron Range Company as sole defendant.   At the same time, the Wrought Iron Range Company made a general appearance by attorneys, and filed a motion and affidavit with the justice for a change of venue, which, after consideration, was overruled and denied. Thereafter trial was had, and judgment was rendered in favor of the plaintiff and against the defendant in the sum of $200 and costs.   An appeal was taken to the county court, where a motion to dismiss the cause was filed by appellant, for that:

"First.   That the record shows that the court has no jurisdiction to hear and determine this action.   Second. That the record shows that the justice before whom said cause was tried had no jurisdiction to hear and determine the same, and for the further reason that said justice had no jurisdiction to render any judgment in said case."

This motion was overruled, and the cause proceeded to trial before the court, without a jury, and which again resulted in a judgment in favor of plaintiff in the same of $200 and costs. Motion for a new trial was duly presented, overruled, and defendant brings error.

Counsel for plaintiff in error assigns as error the refusal of the county court to dismiss the case for want of jurisdiction. They insist that the refusal of the justice to grant a change of venue ousted his jurisdiction, and that all his acts thereafter were null and void, and that the county court took the case on

appeal, subject to the same want of jurisdiction.   Defendant in error resists this motion to dismiss, on the ground that the motion for the change of venue, as filed with the justice, was not sworn to, and therefore was not such an affidavit or application as was required by statute.   The affidavit is signed by J. P. Wishard, attorney for defendant, and is in compliance with the requirements of the statute in all things, except the jurat of the justice was omitted.   It was none the less an affidavit on account of the absence of the jurat, if affiant actually signed the same and was sworn by the justice, even though the justice failed to attach his jurat.   The justice, in his transcript, called the instrument an affidavit for change of venue; and it was so considered throughout the proceedings.   No objection to its sufficiency was made in the court below; and it is questioned for the first time here in the brief of defendant in error.   We do not think the objection good, and will consider the affidavit as sufficient under the statute.

Conceding, therefore, that the affidavit was properly presented to the justice, who arbitrarily and without good reason denied the change of venue sought, would that fact oust the jurisdiction of the justice of the peace?   We do not think it would. The act of the justice in refusing to grant the change was, without doubt, erroneous, and rendered the judgment entered thereafter voidable, but not void.   The justice court, however, still had jurisdiction of both subject-matter and parties.

Counsel for plaintiff in error rely upon the case of *Windfrey v. Benton et .al.,* 25 Okla. 445, 106 Pac. 853, as being controlling of the question under consideration.   In this contention, we cannot concur.   While it is true that the court, in that case, held that the action of the justice could not be controlled by mandamus, and that the remedy desired was to be secured by appeal, yet it also specifically held that the justice did not lose jurisdiction by failure to grant the change of venue, but that his ruling was erroneous only, and subject to correction on appeal.   Thus, in the opinion, on page 447 of 25 Okla., on page 854 of 106 Pac., it is said:

"Although there is some little conflict among the authorities, the great weight holds that mandamus is not the proper remedy, but that in such a case the ruling is merely error, subject to be corrected like other errors, on appeal; that the justice does not lose jurisdiction; and that the judgment, rendered at the conclusion of the case, is not a nullity, or void for want of jurisdiction."

See, also, in support of this doctrine, *Barnhart & Bro. v. Davis,* 30 Kan. 520, 2 Pac. 633, *Ellis v. Whitaker,* 62 Kan. 583, 64 Pac. 62, and many other cases cited in *Windfrey v. Benton et al., supra.* Hence it necessarily follows that the action of the county court, in overruling the motion to dismiss the cause for want of jurisdiction, was right. To be sure, it was the duty of the justice to grant the change of venue; the application and affidavit were sufficient in form; and the defendant was entitled in all fairness to the relief prayed for. The refusal of the justice to grant the same was clearly erroneous, to say the least; but, inasmuch as defendant took an appeal to the county court, and that court's jurisdiction was appellate only, and the cause was there tried *de novo,* we cannot see how the error of the justice in that respect can now be inquired into. Of course, the result of the wrongful holding of the justice was to deprive defendant of the benefit of that section of the statute which provides for a change of venue; but with that we need not concern ourselves at this time.

It is presumed that justices of the peace, as well as other public officials, will follow the plain letter of the law, and not exercise the functions of their offices in an oppressive and unlawful manner. Had appellant, in the county court, moved to remand the cause to the justice, or had it made other proper effort to correct the erroneous ruling, on refusal, it might have some cause for complaint; but it sought no such relief. It simply asked to have the cause dismissed for want of jurisdiction, which request, as has been seen, was denied, and rightfully. The county court had jurisdiction of both subject-matter and of the persons of the parties.

The next assignment of error involves the question of agency. The record discloses that one J. L. Anderson, who claimed to be the agent of the plaintiff in error, hired a team and buggy from the defendant in error, for the purpose of driving into the county to collect money, due the plaintiff in error from various persons. He testified in substance that he was a collector employed by the plaintiff in error, and had worked for them several years in that capacity; that he had hired the team for the specific purpose of enabling him to collect for the plaintiff in error, and for no other purpose; and that, while engaged in collecting, he drove the team into a washout at the end of a bridge, and the team, by reason thereof, was drowned. It also appears that at the commencement of the action an order of attachment was issued and levied upon the property of plaintiff in error, and that one O'Dell, who also claimed to be an agent of the plaintiff in error, executed a forthcoming bond and signed the name of the plaintiff in error thereto by himself as agent, and thereby secured the discharge of the attached property; that he also appeared at the trial as a witness for the company, and testified in its behalf. It also appears in evidence that O'Dell, shortly after the loss of the team, introduced himself to Leach, the defendant in error, as the agent of the plaintiff in error, and inquired of and concerning the loss of the team, and he also stated to Leach that he had been sent by the plaintiff in error to look into the subject of the loss of the team, and that, after learning the circumstances surrounding the loss, he told Leach that he would recommend a settlement, and that he (Leach) would surely get his money. It further appears in the record that, shortly after this conversation with O'Dell, the defendant in error, Leach, received a letter from the Wrought Iron Range Company, in which the company promised to settle for the team.

Counsel for plaintiff in error strenuously objected to the introduction of this character of testimony, on the sole ground that agency could not be proved by the declaration of the agent. As an abstract proposition of law, this is the correct rule. But a close examination of the testimony of both Anderson and O'Dell

shows that the objection was not well taken, inasmuch as these witnesses were asked to, and did, testify of and concerning material existing facts; they were not asked for conclusions, and none were given. Anderson testified that he was employed by the company, and then told what he did; so also did O'Dell; and Leach testified only as to what actually occurred. We think the testimony was admissible as tending to prove agency. The rule contended for by counsel, as said above, correctly states the law, and is well established, but it has no application to the case at bar; for, as has been seen, there was no attempt to prove agency by the declaration of the agents themselves, but they were required to testify only as to facts as they existed; and it then became the duty of the court, sitting without a jury, to say, under all the facts and circumstances appearing in evidence, whether or not relationship of principal and agent existed, and, if so, determine from the evidence the authority, or the apparent authority, of the agents, and whether they, or either of them, were acting, at the time of the accident, within the scope of that employment.

"Where a cause is tried to the court, without the intervention of a jury, the court's findings of fact will be given the same weight as the verdict of a jury, and will not be set aside, if there is any evidence reasonably tending to support it."

*In re Byrd, Appeal of Floyd,* 31 Okla. 549, 122 Pac. 516; *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.,* 24 Okla. 275, 103 Pac. 740; *Lipscomb v. Allen,* 23 .Okla. 818, 102 Pac. 86.

Agency is a fact to be proved, as any other fact; and the apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question for the jury. *Minn. Thresh. Mch. Co. v. Humphrey,* 27 Okla. 694, 117 Pac. 203. We have read the entire record with care; and at first impression one might be misled by the apparent application of the rule contended for by the counsel for plaintiff in error, but a closer examination of the evidence clearly demonstrates the correctness of the holding of the trial court.

The only other question requiring attention is that the judgment is not sustained by the evidence, and is contrary to law, in that no negligence on the part of the agent has been shown. This issue was fairly raised by the allegations of the bill of particulars, no answer was filed, denying the same, and very little testimony was offered on the subject by the plaintiff in error. The court, by its general finding, resolved the question against the plaintiff in error, and in accordance with the well-established rule that, where there is some evidence tending reasonably to support the verdict, the same will be allowed to stand. The finding of the court was general, no specific finding being required by either party; and in such cases the rule is that a general finding includes, also, a finding on all issues necessary to sustain the general finding; and it will be presumed that such have been made. As has been said hereinabove, where there is a conflict in the evidence, this court will not weigh the same, nor interfere with the finding of the lower court, if there is any evidence reasonably tending to sustain the same.

From a careful consideration of the entire record, we fail to find any error sufficient to warrant a reversal of the judgment of the county court of Blaine county; and the same should therefore be affirmed.

By the Court: It is so ordered.