LONG v. ALLEN, *Dist. Judge.*

No. A-2084. Opinion Filed October 18, 1913.

(135 Pac. 443.)

MANDAMUS—Change of Judge. Where one of the judges of a judicial district, on application for a change of judge in a criminal case, expressed a willingness to disqualify himself, if the other district judge was willing to try the case, a writ of mandamus will issue to compel him to certify to his disqualification.

Original proceedings in mandamus by James E. Long against R. C. Allen, District Judge of Third Judicial District. Writ allowed.

*Bailey, Wyand & Moon, Watts & Watts,* and *E. M. Gallaher,* for relator.

*W. P. Z. German* and *J. C. Pinson,* for respondent.

PER CURIAM. The petitioner, James E. Long, on September 10, 1913, filed in this court an application for writ of mandamus, which, omitting formal parts, reads as follows:

"Comes the relator in the above-entitled cause, James E. Long, and for his cause of action against the respondent states that he is a citizen and resident of Wagoner, Wagoner county, Oklahoma, and has been for a number of years last past; that at the November election, 1912, he was elected to the office of sheriff of said county; that on the 6th day of January, 1913, after having given bond as such sheriff as required by law, he entered upon the discharge of the duties of that office, and continued to so act until July 23, 1913; that the respondent is a resident of Muskogee, Muskogee county, state of Oklahoma, and at the November election, 1910, was elected one of the judges of the Third judicial district of the state of Oklahoma, which is composed of the counties of Wagoner and Muskogee; that on the 21st day of July, 1913, the board of county commissioners of Wagoner county, Oklahoma, filed with the district court of said county, the respondent presiding, accusations against the relator herein, asking for his removal from said office, and that on the 23d day of July, 1913, said court, the respondent presiding, made an order suspending the relator as sheriff of Wagoner county, which is still in force; that on August 11, 1913, the said respondent convened a grand jury in Wagoner county, and that a few days later, and while said body was in session, it returned into open court an indictment against this relator, charging him with the crime of embezzlement, which is numbered 700, a copy of which indictment is hereto attached as a part of this application; that on the 30th day of August, 1913, the relator herein filed with the clerk of the district court of Wagoner county, Oklahoma, said cause not having been set for trial, an application setting forth grounds and facts upon which the relator claimed that the said respondent was disqualified, and therein requested the said respondent to certify his disqualification to sit as a judge in the trial of said cause, and gave notice to the county attorney of Wagoner county that said application would be taken up at Wagoner on September 1, 1913, at the hour of 9:30 a. m., which said application and affidavits attached thereto as a part thereof are in words and figures as follows."

Attached to this petition is a copy of the petition for change of judge in case No. 700 in the district court of Wagoner county entitled State of Oklahoma against J. E. Long, together with more than 100 typewritten pages of affidavits. The alternative writ was issued, returnable September 24th, at which time respondent filed his answer, which, together with exhibits and affidavits, covers about 100 typewritten pages. At that time the case was, orally argued, and counsel for relator and respondent have filed elaborate and exhaustive briefs.

Upon a careful examination and consideration of the record and the briefs, our conclusion is that a change of judge should be granted in this case. We doubt the propriety of reviewing the evidence, as it in a large measure goes to the merits of the charge against the relator, and it becomes unnecessary, as our decision is based upon the fact as shown by the record, that the respondent was willing to disqualify, if Judge de Graffenried, the other district judge of the Third judicial district, would try the case.

In the case of *Kelly v. Ferguson,* 5 Okla. Cr. 316, 114 Pac. 631, it is said:

"Any attempt upon the part of a disqualified judge to influence the selection of his successor is a violation of the spirit if not the letter of the law, and might be ground for setting aside a verdict of conviction."

Respondent in his answer states that he:

"* * * called the Hon. R. P. de Graffenried at his residence in the city of Muskogee, and over the telephone advised him of the action taken by the board of county commissioners of Wagoner county, and of the fact that respondent's attention had been called to said action by said board by a member of the board of county commissioners, and requested the Hon. R. P. de Graffenried to go to Wagoner to receive said accusation; that Hon. R. P. de Graffenried advised respondent that he was busily engaged in the trial of civil cases in the city of Muskogee, and could not go to Wagoner; that respondent then stated to the Hon. R. P. de Graffenried that the charges were in their nature criminal, and that under the agreement and understanding heretofore had, which affiant says is now of no effect except as a mutual understanding for the convenience of the judges, that he, the said Hon. R. P. de Graffenried, ought to

take charge of the cases, and offered to relieve him in the trial of cases in the city of Muskogee if he would go to Wagoner, receive the charges, and take such action as he deemed proper; that the said Hon. R. P. de Graffenried then stated to respondent that inasmuch as Wagoner county was the home county of respondent, that he felt like it was respondent's duty in this matter to take charge of the cases, and requested respondent to go to Wagoner, and hear the case, and take such action as respondent deemed advisable."

It was claimed in the oral argument that the only motive that prompted respondent in making this statement was that he intended to save the expense of an outside judge. However, we are inclined to think that respondent has said that he would either try the relator or the relator would have to be tried by the judge designated by respondent.

For this reason, it is the opinion of this court that the writ of mandamus should issue as prayed for.