Thompson, County Judge, v. State ex rel. Ficklin et al.

coupled with an interest.' It is true that, if the agreement had been fully completed, the agent might have claimed under it an interest in that part of the property remaining after a sufficient amount had been sold to satisfy the Beard mortgage; yet this particular interest was contingent, and did not vest upon the execution and delivery of the contract. It was not such an interest as the agent could have conveyed in his own name in the event of the death of the principals."

The able discussion of the subject in that case warrants us in contenting ourselves with a citation of it as authority without reference to a long line of authorities.

We therefore conclude that the demurrer was properly sustained, and the judgment should be affirmed.

By the Court: It is so ordered.

---

THOMPSON, *County Judge,* v. STATE *ex rel.*

FICKLIN *et al.*

No. 5807.   Opinion Filed January 11, 1916.

(154 Pac. 508.)

1.   **EXECUTORS AND ADMINISTRATORS—Appointment of Administrator—Right of Appeal—Parties.** Where an administrator is appointed by a county court, a party in interest who is not a party to the proceeding, but who is entitled by law to be heard therein, by making affidavit, giving notice of appeal and tendering a solvent bond with sureties, the sufficiency of which said bond is unobjectionable, and thus duly complying with sections 6503 and 6505, Rev. Laws 1910, is entitled to an appeal to the district court.

2.   **MANDAMUS—Remedy Against County Judge—Appeal from Appointment of Administrator.** Where a judge of a county court in the exercise of probate jurisdiction refuses to comply with section 6513, Rev. Laws 1910, and the party taking the appeal is in-

terested in a matter adjudged by said court, and has fully complied with sections 6503 and 6505, Rev. Laws 1910, and tendered a bond, which is unobjectionable as to form, sufficiency or solvency of sureties thereon, mandamus will lie to compel the judge to comply with said section.

3.  MANDAMUS—Petition—Demurrer—Effect as Admission.  The only defense that can be interposed to a petition for writ of mandamus is by answer.  Where a demurrer is interposed to a petition for writ of mandamus, the same will be treated as an answer and the allegations of the petition thereby admitted to be true.

(Syllabus by Collier, C.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Mandamus by the State, on the relation of E. D. Ficklin, administrator of the estate of James Welch, deceased, and another, against Vern E. Thompson, Judge of the County Court of Ottawa County. From an order granting writ of mandamus, defendant brings error. Affirmed.

*Vern E. Thompson* and *E. C. Fitzgerald,* for plaintiff in error.

*James S. Davenport,* for defendants in error.

Opinion by COLLIER, C.  This is an appeal from an order of the district court of Ottawa county, awarding a peremptory writ of mandamus, directed to and commanding Vern E. Thompson, as county judge of said county, "to certify to the district court all the papers and files which he has in his court relating to the appointment of administrator in probate No. 641 of said county court of Ottawa county, the same being the appointment of an administrator in the matter of the estate of James Welch, deceased, wherein the county court appointed J. S. Cheyne administrator, and that the said papers be certified and transmitted to the district court of Ottawa

county as of the date the said petitioners filed their affidavit, notice and bond, and that the bond of the said appellants be approved as of the date it was presented to the county court for approval." Said writ was granted upon the relation of E. D. Ficklin, who had been appointed administrator of the estate of James Welch, deceased, and Helen Welch, who claimed to be the widow of said deceased, upon an appeal from an order of the county court of Ottawa county, appointing J. S. Cheyne as administrator of the estate of said deceased.

A careful examination of the notice of appeal and the affidavit made therefor and filed by said petitioners shows that said notice of appeal and affidavit were in strict accord with the requirements of sections 6503 and 6505, Rev. Laws 1910, and that at the time of filing said notice of appeal petitioners tendered a bond in the amount fixed by the county judge of said county, which bond was in strict conformity with section 6506, Rev. Laws 1910, and was unobjectionable as to form and substance and solvency of the sureties thereon. Said county court refused to permit said appeal and to send to the clerk of the district court of Ottawa county a certified copy of the order sought to be appealed from, and of the minutes, records, papers, and proceedings in the case, as he was required to do by section 6513, Rev. Laws 1910. From the order granting said writ of mandamus this appeal is prosecuted.

Section 6503, Rev. Laws 1910, provides:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right

or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in this article. The facts which entitle such person to appeal must be shown by an affidavit which must be filed with the notice of appeal."

Therefore it was the duty of said county judge to send to the district court of Ottawa county a certified copy of the order appealed from, and of the minutes, records, papers, and proceedings in the cause, regardless of whether or not there was any merit in the appeal, as to which he had no jurisdiction to determine.

Plaintiff in error demurred to the petition, which demurrer was overruled. Section 4915, Rev. Laws 1910, provides:

"No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner as pleadings in a civil action; and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action."

As will be seen, this statute does not provide for raising an issue by demurrer: but where one has been interposed, it will be treated as an answer, admitting all the facts stated in the petition, with a challenge of their sufficiency to authorize the writ. See the following cases: *Ellis et al. v. Armstrong,* 28 Okla. 311, 114 Pac. 327; *Kerr v. State ex rel.,* 33 Okla. 111, 124 Pac. 284; *Bd. Med. Examiners v. Gulley,* 41 Okla. 63, 136 Pac. 1083; *McLeod v. Graham,* 6 Okla. Cr. 197, 118 Pac. 160.

Section 6516, Rev. Laws 1910, provides:

"If the judge of the county court neglect or refuse to make or transmit such certified copies as are herein-

before required to be transmitted to the clerk of the district court in cases of appeal, he may be compelled by the district court by an order entered, upon motion, to do so; and he may be fined, as for contempt, for any such neglect or refusal. A certified copy of such order may be served upon the county judge by the party or his attorney."

This statute (section 6516), while not denominating the order to be issued thereunder a mandamus, is a provision for an order in effect the same as mandamus, being an order requiring to be done some particular thing therein specified, and which appertains to the office or duty of an official. Opinion of Marshall, C. J., in *Marbury v. Madison,* 1 Cranch, 137, 168, 2 L. Ed. 60.

The court did not err in granting the peremptory writ.

Finding no error in the record, this cause should be affirmed.

By the Court: It is so ordered.