## TALLEY v. MAUPIN, Justice of Peace.

No. 8962—Opinion Filed June 6, 1917.

Rehearing Denied July 24, 1917.

(166 Pac. 734.)

(Syllabus by the Court.)

### Mandamus—Action of Justice of Peace—Adequate Remedy at Law.

Mandamus will not lie to compel a justice of the peace to grant an application for change of venue, for the reason that the party making such application has a plain and adequate remedy at law by bill of exceptions and petition in error.

Original application for writ of mandamus by Harry Talley against Robert W. Maupin, as Justice of the Peace. Writ denied.

Shirk & Danner and D. S. Levy, for plaintiff.

Harry W. Priest, for defendant.

KANE, J. This is an original proceeding in mandamus, commenced by the plaintiff for the purpose of requiring the defendant as a justice of the peace to grant a change of venue in a civil action pending before him, wherein the plaintiff herein is defendant.

It seems that on the 7th day of March, this year, the plaintiff herein, being defendant in a cause pending before the defendant herein, as a justice of the peace, filed an affidavit for change of venue from said defendant to another justice of the peace, said affidavit and application for change of venue stating in substance that the affiant verily believes that he cannot have a fair and impartial trial of said cause before said defendant on account of the bias and prejudice of said defendant against him, which application was denied.

It is the contention of counsel for plaintiff that the right to have a change of venue from one justice to another is an absolute right, and that a justice of the peace has no discretion in the matter, but it is his mandatory duty to grant the change immediately upon the application therefor being made; the only discretion he may exercise being as to what other justice of the peace he will send the case. This court in several cases has held to the contrary. Winfrey v. Benton, 25 Okla. 445, 106 Pac. 853; Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 Pac. 419. This is also the rule in the state of Kansas. Spacek v. Aubert, 92 Kan. 677, 141 Pac. 254. The general rule is stated by Mr. High (High, Extraordinary Remedies [3d Ed.] sec. 183) as follows:

"The granting or refusing of a change of

venue, being a matter of judicial discretion, is not, as we have seen, subject to control by mandamus. But the refusal of the courts to interfere in such cases may also be based upon the existence of other relief, since the decision of an inferior court, refusing an application for change of venue, is subject to review by appeal from the final judgment, and mandamus will not therefore lie to compel the change."

In Winfrey v. Benton et al., supra, it was held that a writ of mandamus would not lie to compel a justice of the peace to grant a change of venue, for the reason that the defendant had a plain and adequate remedy by appeal or error. In distinguishing Winfrey v. Benton, supra, counsel for plaintiff in their brief say:

"It is true, this court in the case of Winfrey v. Benton, 25 Okla. 445 [106 Pac. 853], in an opinion by Justice Dunn, and decided in January, 1910, held: 'That a party to a suit in the justice court could not compel the justice, by mandamus, to grant a change of venue, because he had an adequate remedy at law by appeal.' It is evident from reading the opinion in that case, that the question was not considered, to wit, that since the adoption of the Constitution, all statutory provisions with reference to appeals from justice courts by bills of exception and assignments of error were no longer in force and effect. This latter question was not determined by this court until subsequent to the case of Winfrey v. Benton, supra, but was determined by this court for the first time in the case of Gulf Pipe Line Company v. Vanderberg, 28 Okla. 637 [115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407], decided May, 1911, and Patten v. Cagle, 32 Okla. 409 [122 Pac. 154] decided March, 1912."

It is possibly true that in laying down the rule in the Winfrey Case the court erroneously assumed that the action of a justice of the peace in overruling an application for change of venue could be reviewed by bill of exceptions and petition in error. Whether this assumption was well founded at that time is immaterial now, for by a recent decision of this court it has been held that:

"In this jurisdiction there are two procedures for a review of a judgment of a justice of the peace court: (1) By appeal to county, superior, or district court, to be tried de novo upon both questions of law and fact; and (2) by a review upon questions of law upon bill of exceptions and petition in error." Faust v. Fenton, Adm'r, 65 Oklahoma, 166 Pac. 731.

In view of this pronouncement, we hold in line with Winfrey v. Benton, supra, and the other cases and authorities herein cited, that mandamus will not lie to compel a justice of the peace to grant an application for change of venue, for the reason that the party making such application has a plain and adequate remedy at law by bill of exceptions and petition in error.

For the reasons stated, the writ is denied.

All the Justices concur.