MARSHALL, County Judge, v. SITTON.

No. 8416—Opinion Filed Feb. 12, 1918.

Rehearing Denied May 14, 1918.

(172 Pac. 964.)

(Syllabus.)

1. **Criminal Law — Preliminary Examination — Change of Venue — Right of Accused.**

Where a person charged with the commission of a felony is brought before a magistrate for the purpose of a preliminary examination, and such person, in compliance with section 6149, Rev. Laws 1910, makes application for a change of venue, the right to such change is absolute, and the duty of such magistrate to grant the change is mandatory, and involves the exercise of no judicial discretion.

2. **Mandamus — Refusal of Change of Venue.**

Where application for a change of venue is made under and in accordance with the provisions of section 6149, Rev. Laws 1910, and the magistrate to whom such application is made wrongfully refuses to grant the same, mandamus is the proper remedy.

3. **Same — Peremptory Writ — Jurisdiction of District Court.**

The district court may issue a writ of mandamus directing an examining magistrate to grant a change of venue in a preliminary examination when application therefor has been properly made under section 6149, Rev. Laws 1910, and wrongfully refused by such magistrate.

Error from District Court, Stephens County; Cham Jones, Judge.

Mandamus by H. W. Sitton against J. W. Marshall, County Judge. From the issuance of a peremptory writ of mandamus, the defendant brings error. Affirmed.

T. B. Reeder, for plaintiff in error.

Womack & Brown, J. B. Wilkinson, and Bond & Kolb, for defendant in error.

HARDY, J. On May 29 and June 3, 1916, respectively, verified complaints were filed before J. W. Marshall, county judge of Stephens county, charging H. W. Sitton with the crime of embezzlement. Upon being arrested and brought before said county judge said Sitton filed verified motions for change of venue which were duly presented and overruled. On June 6, 1916, upon application by Sitton, who will be designated as plaintiff, to the district court of Stephens county, a peremptory writ of mandamus was issued commanding said Marshall, as county judge, who will be designated as defendant, to grant the change of venue prayed and transmit the records and files in said causes to the nearest impartial justice of the peace. From this order the said defendant appeals, and urges that the district court of Stephens county was without jurisdiction to entertain the petition and grant the writ, and cites in support of this contention certain decisions of the Criminal Court of Appeals of this state holding that that court has exclusive appellate jurisdiction in criminal cases, and which announce the rule that the judge of a superior tribunal may not issue a writ of mandamus to the judge of a court of record in cases where the aggrieved party had an adequate remedy at law. Counsel also cite in support of the position assumed by them section 5811 et seq., Rev. Laws 1910, where a provision is made for a change of judge or change of venue upon the final trial of a cause in a court of record having jurisdiction thereof. The authorities cited and the statutes relied upon have no reference to a preliminary examination.

Section 4907, Rev. Laws 1910, provides that the writ of mandamus may be issued by the Supreme Court, or the district court, or any justice or judge thereof, during term time, or at chambers, to any inferior tribunal, corporation, board, or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust, or station, and, though the writ may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion. Under this section the district court had authority to issue the writ if the act commanded to be done was enjoined upon the defendant as a duty resulting from the office held by him, and did not involve the exercise of judicial discretion.

It is also urged that the writ should not issue because the county court is a court of record, and in passing upon an application for a change of venue is required to exercise judicial discretion in determining whether the application is sufficient to entitle defendant to the change sought.

Section 17, art. 7, of the Constitution provides:

"County courts shall also have and exercise the jurisdiction of examining and committing magistrates in all criminal cases."

And section 17, art. 2, provides:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

It seems clear from the foregoing provisions that in all cases where prosecution is instituted against a person for felony by information he is first entitled to a preliminary examination before an examining magistrate, and the intent of the two provisions combined was that, when the judge of the county court sits as an examining and committing magistrate in a preliminary examination before him, his powers and duties should be the same as those exercised in like cases by any other examining and committing magistrate.

An investigation upon preliminary examination by a magistrate of a person who has been charged with crime is not a final determination of any issue on the question of such person's guilt. The only order made is to hold the person accused, or to discharge him from custody. If held to answer, a trial upon the charge may be had in a court of record. The object of a preliminary examination is to inform the defendant of the nature and character of the crime charged against him and to lay a preliminary foundation for the prosecution in a court of record, to inquire concerning the commission of the crime charged and the connection of the accused therewith, and to determine whether there is probable cause to believe him guilty so that the state may take the necessary steps to perpetuate testimony and determine the amount of bail which will probably secure the attendance of the accused to answer. State v. Pigg, 80 Kan. 481, 103 Pac. 121, 18 Ann. Cas. 521; Harris v. Rolette, 16 N. D. 204, 112 N. W. 971; Bishop's New Criminal Procedure, § 239. The conduct of such examination is not the exercise of any part of the judicial power of the county court as a court of record, but the county judge in the conduct thereof exercises only the powers and jurisdiction that a justice of the peace would exercise when acting as a magistrate in preliminary examinations. State v. Pigg, supra; United States v. Hughes (D. C.) 70 Fed. 972; State v.

Nast, 209 Mo. 708, 108 S. W. 563; Bishop's New Criminal Procedure, § 237.

When application is made by a person charged with a crime for a change of venue in compliance with section 6149, Rev. Laws 1910, before preliminary examination is held, the magistrate is vested with no discretion as to whether such change shall be granted, nor is he authorized to determine the truth of the allegations. The duty to be performed by him is purely ministerial, and the right to the change is absolute.

Section 6149 provides that a person brought before a magistrate charged with a crime upon which a preliminary examination is to be held may at any time before subpoenas are issued have a change of venue when he or some one for him files an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial examination or trial as the case may be before the justice or county judge, and upon the filing of such affidavit by the defendant, or in his behalf, authorizes the county attorney, or some one for him, to file an affidavit alleging the same disqualifications against any one justice to whom it is proposed to send the case for further proceedings, and it is thereupon made the duty of the examining magistrate to send the cause to the next nearest justice who is not in any way related to defendant or prosecuting witness or party injured, who is not a witness, and has not been an attorney in the cause, and who may not be absent or physically be unable to act. When the defendant has filed his application for change, and the county attorney has filed an affidavit alleging like disqualifications against any other justice, the parties are then authorized to agree upon a justice to whom the case may be sent, whereupon it is made the duty of the magistrate to whom such application is made to transfer the cause to the justice agreed upon. Said section further provides that no witnesses shall be subpoenaed for either party until the defendant has been brought before the justice and has been offered an opportunity to change the venue, or has changed it, if he elects to change, and the date for the hearing has been fixed. Section 5668 also provides that at any time before an examination is begun a change of venue may be had in preliminary examinations in the same manner and be transmitted to another justice as in cases formerly triable before a justice of the peace.

It seems clear from these provisions of these statutes that the right to the change is absolute, and does not depend upon the

discretion of the magistrate to whom the application is made, but becomes complete when the affidavit required by said section has been filed by the defendant or some one in his behalf.

It is further urged that, though the right to the change be absolute, and the magistrate without discretion, the writ should not have issued, because the defendant had an adequate remedy at law. Authorities in civil cases have no controlling application here, because the situation is entirely different. Where a change of venue in a civil case is denied by a justice of the peace, the order denying the change may be reviewed on appeal to the county or district court by bill of exception. Talley v. Maupin, 64 Okla. 196, 166 Pac. 734, L. R. A. 1917F, 912; Winfry v. Benton, 25 Okla. 445, 106 Pac. 853.

An appeal will not lie from an order of an examining magistrate denying a change of venue, but if such change is wrongfully refused, the defendant may be held to answer any charge that may be lodged against him in the district or superior court, and be required in that court to plead thereto.

By section 4907, Rev. Laws 1910, the writ of mandamus may be issued to an inferior tribunal to compel performance of any act which the law specially enjoins as a duty upon such inferior tribunal. This section sustains the right of the plaintiff to the writ in this case. The duty of the county judge to grant the change upon compliance with the statute was imposed upon him by the positive mandate of the law without regard to his own judgment or opinion concerning the propriety or impropriety of the act thus enjoined upon him. Where this is true, the duty to be performed is ministerial, and may be compelled by mandamus where an adequate remedy does not otherwise exist.

In State v. McMillan, Judge, 21 Okla. 384, 96 Pac. 618, it was held that mandamus would issue to require the approval of a bond tendered by relator where said bond was in all respects regular, and respondent refused to approve same on grounds other than that of its insufficiency.

In Smock v. Farmers' Union State Bank, 22 Okla. 825, 98 Pac. 945, mandamus was issued to compel the bank commissioner to issue a certificate to the defendant in error, Union State Bank, showing that it had been organized, its capital paid in, and that it was authorized to transact a general banking business.

In Davis, County Judge, v. Caruthers, District Judge, 22 Okla. 323, 97 Pac. 581, it was

held that a writ would lie to require the judge of the district court, as the successor of the United States Court in the Indian Territory, formerly located in the territory embraced by the county in which such district court sits to cause, by proper order, all matters, proceedings, records, books, papers, and documents pertaining to all original causes or proceedings relating to estates transferred to such district court from said United States courts to be transferred to the county court of such county.

In McKee et al. v. De Graffenreid et al., 33 Okla. 136, 124 Pac. 303, the writ was awarded to require a judge of the district court to grant the petitioner who was accused of violating or disobeying, when not in the presence or hearing of the court, or judge, sitting as such, an order of injunction or restraint made and entered by such court, or judge, a trial by jury before penalty or punishment was imposed.

Where in any cause pending in any court of record in this state a judge is disqualified to sit and hear said cause under the Constitution and laws of this state, he should certify his disqualification, and when he refuses to do so when requested in the proper manner provided by law, mandamus is the proper remedy. State ex rel. Mayo v. Pitchford, 43 Okla. 105, 141 Pac. 433.

The Criminal Court of Appeals of this state will issue the writ upon petition therefor to compel a judge who is disqualified to sit in the trial of a criminal case to certify to his disqualification. State v. Brown, 8 Okla. Cr. 40, 126 Pac. 245, Ann. Cas. 1914C. 394; Ex parte Hudson, 3 Okla. Cr. 393, 106 Pac. 540, 107 Pac. 735; Long v. Allen, Judge, 10 Okla. Cr. 182, 135 Pac. 443. And the writ will be awarded directing an inferior court to dismiss a criminal case for failure to bring the defendant to trial within the time fixed by law. McLeod v. Graham, 6 Okla. Cr. 197, 118 Pac. 160.

The writ will lie to compel a federal Circuit Court to remand a case to the state court whence it was removed where it is apparent as a matter of law from the record itself that the federal court was without jurisdiction. Re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873.

In a number of cases in other states it has been held that, where the right to change of venue was absolute, mandamus would issue to compel the court in which the cause was pending to change the venue according to the motion of the defendant. Herbert v. Beathard, 26 Kan. 746; Ex parte Chase, 43

Ala. 303; Ex parte Reeves, 51 Ala. 55; State v. Williams. 127 Wis. 236, 106 N. W. 286, 7 Ann. Cas. 303; State v. Dick, 103 Wis. 407, 79 N. W. 421; Krumdick v. Crump, 98 Cal. 117, 32 Pac. 800; State v. Shaw, 43 Ohio St. 324, 1 N. E. 753.

The question then remains: Did the plaintiff have an adequate remedy at law? What is, or is not, an adequate remedy is one that must be determined upon the facts of each particular case. There is no general rule by which this test may be applied. Mandamus will not issue because of inconvenience, mere expense, or delay in the pursuit of other remedies, but will usually be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining. 26 Cyc. 171. And this is particularly so in criminal cases. McKee et al. v. De Graffenreid et al., supra.

In criminal cases neither an appeal, habeas corpus, nor certiorari would be a plain, speedy or adequate remedy so as to defeat the right to mandamus. Evans v. Willis, Judge, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258; McKee et al. v. De Graffenreid et al., supra; Herndon v. Hammond, Judge, 28 Okla. 616, 115 Pac. 775. Should the change be refused the party making the application would be subject to an order holding him to appear and answer any charge lodged against him, and in default of bail would be imprisoned until action in the district or superior court, and upon information being filed would be placed upon trial, and if convicted be liable to imprisonment, and in capital cases would not be entitled bail pending the prosecution of an appeal.

The circumstances make it clear that plaintiff was without an adequate remedy, and his right to the change being clear, and the duty of defendant to grant the change being ministerial and involving the exercise of no judicial discretion, the writ was properly granted. City of Shawnee v. Tecumseh, 52 Okla. 509, 150 Pac. 890.

The defendant filed no answer to the application for the writ, but filed a motion which was in effect a demurrer objecting to the sufficiency of the petition. Where this is done the pleading filed will be treated as an answer admitting all the facts stated in the petition with the challenge of their sufficiency to authorize the issuance of the writ. Thompson v. State, 54 Okla. 647, 154 Pac. 508. The affidavits for the change fully satisfy the requirements of the statute.

There was no error in granting a peremptory writ without having first issued the alternative writ. State v. Cummings, 47 Okla. 44, 147 Pac. 161.

Section 4910, Rev. Laws 1910, provides:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance."

Section 4914 also provides that, if no answer be made to the application, a peremptory writ must be allowed against defendant. In this case no answer was filed. The defendant, however, appeared and participated in the trial of the case on the merits, and was in court when the peremptory writ was granted. Affirmed.

All the Justices concur.